Okay, thank you. Good morning, Your Honors. I'm Matthew Clark. I represent Save the Valley, the appellant, and I would like to reserve three or four minutes for my rebuttal. Ultimately, this case concerns 75 and three quarters acres of land that's in northern Santa Barbara County. That piece of property, as you've seen from the record, has a long and central issue for us to decide. And this case has clear facts and clear law. Counsel, as we got into this case, it seems to me that it's more about jurisdiction than about anything else. What is it, as we asked in our order, what is it that was removed to federal court? Was it just the request to intervene? Because this case has gone away, you know, decades ago? Or is it somehow revived the whole case and brought it over? The removal removed the entire case, along with our motion for leave to intervene. So what landed in the district court was a case that was started in the late 1800s. How is that? How is that possible? Since you weren't allowed to intervene and the case was long ago closed, how is it that the entire action is even available to be removed? Your Honor's pointing out that the that the district court denied our motion to intervene. However, our position is that the case was never properly removed. How is it not properly removed? Because the trial occurred in this case in 1906. And the United States represented even pending when you attempted to intervene in state court action. Well, that case, it was called what it was, it had resolved in judgment, no continuing jurisdiction of the court to supervise an injunction or anything like that is correct, Your Honor. But even so, you wouldn't have been able to benefit from the courts continuing jurisdiction, because you weren't a party, right? Well, that's the purpose of a motion to intervene is to gain that status of being able to enforce the But if there's no pending case, how is that even possible? I mean, it's sort of if I went over to the courthouse and started looking through closed cases and found one that I thought had been poorly decided 47 years ago, why, how is it that I can pull that off the shelf and say, Hey, I'd like to have you guys take another look at this case? What? What part of civil procedure allows us to do that? There is no prohibition against doing a motion to intervene into a case that's a closed case. Assuming, here's my difficulty. So respond to it. It's the same question my colleagues are asking. I think you did something very clever. But really, what you're doing is bringing a new suit against the United States. And you're saying we have this dead lawsuit. And by the way, in between the dead lawsuit, and now we also have the Catholic Church deeding property. Yes. And it's and what you're really complaining about is what's happened since the lawsuit is over between the Catholic Church in the United States, the event. And so what you're really you're complaining an intervention says that. Yes, Your Honor. So is why isn't this for all intents and purposes, no matter what you called it, a brand new proceeding. And that's what got removed, which was a complaint. I don't see it as a brand new proceeding at all. Because all we need to do is look at the look at the language in the judgment, which which strictly prohibits what the what the tribe is doing on the property. And we don't need to amplify that judgment. But you're complaining not about the enforcement of the judgment. You're complaining about actions that occurred at well after the judgments was entered between the Catholic Church in the United States, are you not? I am complaining about activity on the property since the judgment. Absolutely. So you're not you're not you're complaining about what has occurred. What occurred 30 or 40 years after the judgment was entered? 50 years? 90 years? No, what we're complaining about is an environmental impact statement that came out in 2014. You're complaining about events, wasn't it? Yeah, but but my point is the judgment runs with the land. The judgment doesn't disappear or erode away. Had you succeeded in, say, the Valley one, we wouldn't be here on that motion to intervene, right? Well, to judge the issue we had before you get to that. Am I right about that? If we had succeeded and save the Valley one? Yeah, if you had been able to that sustain that lawsuit, and raise those issues, we wouldn't be here on any motion to intervene or appeal from a motion to remand. Am I correct? Save the Valley one, we could not do what we wanted to do because of sovereign immunity on the behalf of the tribe and the United States government. The tribe and the United States government exceeded to state jurisdiction in the in the earlier lawsuit. And that is the great thing about this judgment is that wasn't your effort and save the Valley one to effect some of the same relief that you're trying to get by intervening in this case? Yes, your honor. All right. Yeah. So the and I understand you. I understand your position. Here's my problem. What you're complaining about is not the judgment. You love the judgment. You think the judgment is wonderful. Absolutely. You're complaining that two parties later on, one of whom is the Catholic Church, and the other whom is the United States somehow acted in contravention of the judgment. That is exactly right, your honor. You may whether or not you have rights to enforce that. I gravely doubt but some courts got to tell you that some other than this one. Well, maybe not maybe this one. So my question is why in reality, isn't this just a lawsuit against the Catholic Church in the US government? The Catholic that's I mean, I know you keep trying to track it back to the original judgment. But your point is that sometime after that judgment was added, probably in 2010, or the Catholic Church in the US government acted badly, and you think you have the ability to tell them they acted badly, based on that judgment. Why isn't this essentially a new lawsuit? Because the judgment runs with the land. You said that before? Yeah. But in reality, in reality, isn't the Catholic Church an essential party to this one? No, your honor, the Catholic Church, quit claimed its entire interest in the property to the United States. And the United States is bound by the judgment. And the United States has allowed the tribe to reside on the property and violate the terms of the judgment. Okay, so let me ask you a different question. Let's assume you're entirely right that you remove the entire action to federal court. What are you appealing? We're appealing the denial of our motion to remand not an appealable order. It is because it terminated the case and you can look to the docket and the docket entry where it terminated the case, then what terminated the case, the denial of the intervention? No, your honor, the the record and all the motion to remand didn't terminate the case. The denial motion remand left. It's the denial of intervention that terminated the case, is it not? If we are correct, and the case never should have been removed, the district court didn't have jurisdiction. That's true. Every time a case is removed to of a motion to remand, correct? That's right. Okay, so you must be contending that there was a final judgment in the district court. I'm contending that the denial of our motion to remand the case terminated the case. We had no other ability to take any other action. That can't be true. Let's assume the district court denied the motion to remain remand and granted your motion to intervene. Would the case still be alive? I suppose it would be. So therefore it's not the denial of the remand terminated your case, but the denial of the motion to intervene, correct? I think you're you're no, I don't agree with that. I think that I can be right, even if he doesn't agree. Well, what I see is happening is that we don't waive jurisdictional arguments just because we brought what you didn't waive it, you have to litigate a case through the final judgment, and then appeal the final judgment. And so have if if you're in front of us, you must be appealing a final judgment, you can't be appealing the denial of motion to remand. What was the final judgment of the district court? The dismissal of the action is what it was. Okay, whether it was because they must have dismissed it because they denied your motion to intervene. Well, they denied they because the court said, I've got jurisdiction to consider this case, I deny your motion to remand. So therefore, the court must also have denied your motion to intervene. Correct? Well, I agree the court denied both motion. Okay. Yes. Are you appealing the denial of the motion to intervene? No, Your Honor, we're not. Well, then what is there for us to decide? If that then it is a given that the as far as we're concerned that the denial of the motion to intervene was correct. I thought that's the only thing that was before us because it seemed to me that the only thing that you could bring have appealed from the only thing that could have been removed was the denial of the motion to intervene because the rest of the case was long dead. But if you're here saying that you're not challenging the denial of that motion, there's nothing left for us to do. If the if you this court believes that the remand motion should have been granted, then the then this court can reverse that decision and remand it back to the district to the superior. But we can't if you are not a party. And what you've just told us by saying no problem with not allowing us to intervene is that you're just an interested person standing around outside the courthouse wanting us to do something with a case you don't like. And it seems to me that if the motion to intervene is not before us in any way, then the given in this is that you're not a party, your clients are not a party who brings a motion to intervene can ever appeal. No, you can. You can. You didn't raise the issue. You just said you're not raising the issue. So that's that's a waiver of any right that you may have had. If you're choosing not to do it, a party can always decide not to argue about something the district court did. That doesn't mean nobody could see here. Let me phrase this for you differently. If, if, if the motion to intervene is the is the final order that disposes of this case, and it has to be the motion to remand didn't dispose of the case, then you can come up and attack it in front of us and say the judge had no power to enter it because he lacked jurisdiction. Or, or you could say that it was a terrible, or you could say we should have been allowed to intervene. Well, but what you can't say is we're perfectly okay with the denial of intervention. And ask us now to review. I'm not saying we're perfectly okay with it. I think you didn't appeal it, though. That's what you just said. I understand that. Then you're okay with what? Well, no, I see it as we're appealing a jurisdictional error, which you can appeal jurisdictional errors and you can only appeal final judgments. So unless you're appealing the denial of the motion to intervene, we don't have anything in front of us. That's our problem. Our jurisdiction is limited to appeals from final judgments. And I think you could appeal in a minute from the motion to intervene, which sometimes probably pass. And maybe we should construe your notice of appeal, which talks about the motion to remand as directed to the motion to intervene. But in the absence of an appeal from a final judgment, we don't have any jurisdiction. We can't even talk about the district court's jurisdiction. So why do we have appellate jurisdiction here? Well, I think you do because when a motion to remand is the final thing that the district court denies and there's no other remedy for us, that's an appealable order. That's not a remedy. You could have appealed the denial of the motion to intervene. But my position is we don't have to appeal something that we believe should never have been reached. Let me give you a hypothetical. Somebody just brings a case originally in district court. They say there's diversity. The defendant says there's no diversity. Therefore, the district court has no jurisdiction. The district court says, I think you're wrong, Mr. Defendant. I think there's no jurisdiction. So you have to go on and decide the case. You cannot appeal under our case law the judge's order denying the dismissal. You have to litigate the whole case and then come up on appeal and say, I'm appealing the judgment in the case. And one of the reasons I'm appealing it is that the judge had no jurisdiction to enter it in the first place. So it's what what what's strange here is you never appealed the final judgment in the case. You've only appealed the interlocutory order. It's no longer interlocutory when the case is ended because we have no ability to pursue it further. I think we understand your position. You have about a minute left if you'd like to save it for rebuttal. I will reserve it. Thank you. Thank you. Good morning. May it please the court. I'm Summer Ingalls here for the United States. With me at council table is Assistant U.S. Attorney Jessica Che. We ask this court to affirm the denial of remand. I'd like to begin my remarks today. Why shouldn't we dismiss the appeal instead? Yes, certainly. You could dismiss the appeal for lack of appellate jurisdiction or affirm the denial of remand. Certainly it's our position that this court does not have jurisdiction first because Save the Valley has not appealed the denial of intervention and second because even a favorable judgment would not give them the relief they request. That I don't necessarily agree with. If you read the complaint they want things that at least in part could potentially help their interests that they've stated about. I understand that. I think I would I would focus on first on the fact that they're not a party. But before I turn to the problem with the not here I would focus on jurisdiction. Sure. So let's assume they had filed a notice of appeal from the denial of intervention. You agree that would be a final order. Yes certainly. And they came up on appeal and they said in their briefs we don't even want to talk about the merits of the denial of intervention because the court never had You agree we would have jurisdiction to consider that argument don't you? Yes. That's essentially what they've done here. I mean they don't want to argue about the intervention order because what they want to argue about is the district court's jurisdiction and they screwed up procedurally a little bit. But isn't that essentially the situation we're in? I think they should not be given that that authority. The fact is that they've only appealed the denial of remand. Well the result from your perspective would probably be the same if we said that this was in effect an appeal from the denial of intervention and therefore we have jurisdiction to consider the case. But the only valid argument then and they haven't they haven't made an argument as to why the denial of intervention was wrong. So they've waived that argument. They're not a party and the case is over. Yes. I think that's the right result. And the fact that they haven't appealed the denial of intervention. Let's say that we exhorted substance over form and treated this as an appeal from the denial of intervention. Would they have standing? Yes I believe so your honor. You think they would have standing? Because it was based on the allegations of the complaint. But see the reason I'm having trouble with your your suggestion is this. Let's go back to my district court example in the previous one. Let's assume you've got no complaint about whether the way the case was tried. You can't appeal for many rulings made by the judge except the jurisdictional one at the beginning. Nonetheless you can appeal the final judgment and attack the court's jurisdiction can't you? Yes. So here if they had really appealed the motion to intervene they wouldn't have to argue about whether or not it was appropriately denied. They could just make an argument that the court lacked jurisdiction to enter it couldn't they? They could do what they're trying to do. Yeah. I understand your point your honor. I think our position is that the failure to appeal the denial of intervention should prevent the court from being able to address it. Certainly we have not addressed the merits of that decision in our briefs. But the point is that even if this court finds that it has appellate jurisdiction the denial of remand was nevertheless proper. And here I'd like to make a quick point about what the 1906 judgment did and did not do. Before you get to that can you answer the question that Judge Graber asked your colleague at the outset in which we asked you all to address. What was removed? Our removal notice states that we removed the entire action. But the truth is that saying that we removed the entire action or removed the motion to intervene is really a matter of semantics. When you removed the action was the action still pending? No certainly not. I think perhaps by saying we removed the entire action our point was really that we're removing the current action which is Save the Valley's attempt to reopen a case that completely ended in 1906 and is no way related to the claims that they've raised here. Well how could it be a current action if it was not pending and they were not a party to the original action? I think perhaps if the removal notice were being appropriately specific it would have said the motion to intervene. It's basically a new action under the under the old case number. It is Your Honor. What you were removing was the new action that complains about the things that happened a long time after 1906. Yes entirely. The 1906 judgment is relevant only because it established that in 1906 the Catholic Church owned the plot of land at issue. Any restrictions running with the land at that time are now not enforceable or to the extent that they can be enforced can be enforced only by the United States. Would you effectively breathe life into a dead case just to kill it again? It might not have been the best procedural move Your Honor but the point by saying that we removed the entire action it was not an admission that the old action was still alive or that we were attempting to breathe life into it. It was only never intended when you removed it to revive the case you only wanted it to come to federal court to keep the putative interveners from intervening. Is that right? That's correct Your Honor. The point is that no part of this case should be heard in state courts and it's an entirely new act. But your point was no part of this case should be heard period because the case is dead. Right. Yes yes entirely. In the case the federal participation in the state court in no way waived the federal government's right to remove this case. Our participation was entirely in a different capacity and the claims raised in the proposed complaint and intervention are completely unrelated to the claims that were litigated in the 19th century quiet title suit. I take it what your your capacity in this case is as the quit claiming of the Catholic rights interest in the property the United States after the conveyances in 1906 and 1935 that were recorded in 1938 now owns the land in fee simple right. So your your your capacity in this case is as a fee fee simple owner of the land. Yes. Your capacity in the last case was to the extent the United States was involved with somehow as a trustee for the tribes. It was a sort of intermediary between the tribe and the interest that you were defending was the interest of the tribe as opposed to the United States interests. The point is that at that time the United States was not involved in any capacity as a landowner. It was merely as an intermediary or a representative. And so I'm not sure why you're fighting my my question. You the United States was in that case in its capacity as somehow protector of the tribes interests. That's entirely correct. OK. If the court has no further questions I would simply rest on our briefs and request either that this court affirm the denial of remand or dismiss this a case for lack of appellate jurisdiction. Thank you counsel. Thank you. Mr. Clark you have a little bit of time remaining. Thank you very much. There's no doubt that the United States removed the entire action they went into storage and dug out the actual complaint in the case which is handwritten. So did you. I got the judgment and the statement of decision. Yes your honor. So so they went out of their way to remove the remove the entire action rather than just a piece of it. So so let's assume the best possible world for you. They removed the entire action. Why in the world can we say they've waived their sovereign immunity by appearing and I think they were trustees as I understand the law but certainly as a protector of the tribe's interests they weren't asserting any of their own personal interests any of the sovereign interests of the United States in the initial action. So take your cases in its best procedural form. Why did they waive their right to object to a new lawsuit a hundred and hundred years later. Well again I disagree. This is a new lawsuit. OK. Why did they waive their right to object to your attempt to intervene a hundred years. Maybe the maybe the issue is was the United States in the same capacity now that it was then. The United States is not a part of the prior. Well if you. There is there is a there is an agent of the United States who is a named defendant. Yeah. So the question is were they a party in the same capacity that you that you attempt to sue them in your complaint and intervention today as in the prior lawsuit. So and as I said before you're complaining about things the United States did is doing as a landowner not as the protector of the Indian Indians. I understand that. And if you look at the dynamics here the United States was being the protector of the Native Americans in 1906 to this very day. That's what their role is with respect to this tribe whether it's maybe with respect to the tribe but not with respect to the acreage of the issue. They have a different they're in a different capacity because they now own the land that they didn't own then and it doesn't matter what their relationship to the tribe is anymore. Well I think it absolutely does depend on the relationship with the tribe because their position is that they hold this property and trust for the tribe. And so that brings them back to being the protector of the tribe which is analogous to where they were in their capacity as trustee you're suing them in their capacity as landowner. You're saying as landowner you're bound by this prior judgment. Absolutely. They were not in the prior case as a landowner were they. No they were not. However and I think one of the things I want to make one question I want to ask. Yes. If you've done answering Judge Hurwitz's question. Yes. Why you waited over 10 years since the development of the resort to even attempt to revive this. I mean if we let you in. Why wouldn't the defense of latches. So we didn't wait 10 years. We what I think your honor is referring to is that they initially developed the property 10 years ago. However we weren't aware of the judgment until we started digging into it when we saw the environmental impact statement about their new project which involved creating a hundred and hundred feet of runway. That's when we started getting serious about this and digging through the files and find a way to get around the sovereign immunity issues which are significant hurdles here. Otherwise we can't do anything which is proven by the first case. In closing I want to say that cases die but judgments that run with the land don't. They stay with the land. And we're not asking this court to decide whether we should be able to intervene. We're asking the Santa Barbara court that question. But it may be that the case was closed but the judgment is recorded. It appears on their title history reports. It binds them and the land. And our whole point here is to become interveners and enforce that judgment which appears on their books to this day. Thank you counsel. Thank you. The case just argued is submitted and we appreciate both sort of a law schoolish question.
judges: Graber, Hurwitz, Marbley